CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL T. LIPSCOMB,<br>    Plaintiff,<br><br>v.<br><br>ERIC CROUT, *et al.,*<br>    Defendants. | Civil Action No. 7:24-cv-00289<br><br>By: Elizabeth K. Dillon<br>     Chief United States District Judge |

**MEMORANDUM OPINION**

*Pro se* plaintiff Daniel T. Lipscomb brought this lawsuit alleging violations of his rights under the First Amendment and the Due Process Clause of the Fifth Amendment related to his state probation and several of its conditions. (Compl., Dkt. No. 1.) The defendants—Eric Crout, Kristen Haight, and Chadwick Dotson—have moved to dismiss. (Dkt. No. 18.) Also before the court are plaintiff's motions for default judgment (Dkt. Nos. 23, 30) and for summary judgment (Dkt. No. 34).[1]

For the reasons stated herein, defendants' motion to dismiss will be granted in part and denied in part and plaintiff's motions for default will be denied. Plaintiff's motion for summary judgment will be taken under advisement with respect to plaintiff's claims against defendants Crout and Haight, and defendants will be required to file a response.

I.  BACKGROUND

Plaintiff is an offender on probation with the Virginia Department of Corrections. He is currently housed at the Northwestern Regional Adult Detention Center. He is incarcerated

---

[1] There are a number of other pending motions, all of which are discovery-related motions that will be handled by the assigned United States Magistrate Judge.

pending several felony charges including failure to register as a sex offender and violation of probation.[2]

Defendant Crout is plaintiff's probation officer in District 11 of Adult Probation and Parole. Defendant Haight is the senior probation officer and Crout's supervisor. Dotson is the Director of the Virginia Department of Corrections.

On or about March 3, 2023, plaintiff entered a signed, written plea agreement in the Circuit Court for Winchester, Virginia, whereby he would enter a no contest plea to the charges of felony rape by force or threat and felony aggravated sexual battery. (Dkt. No. 1-1.) As part of that plea agreement, plaintiff later executed a document titled "Sex Offender Special Instructions." (*Id.* at 21–24.) One of the instructions reads, "You will not use any form of social networking, including but not limited to Facebook, MySpace, etc." (*Id.* at 21.) Another requires him to obtain pre-approval from his supervising officer to utilize internet services and, even with approval, he must install and pay for monitoring software. (*Id.*)

Plaintiff alleges that there was no evidence that the internet or social media was involved in his convictions. (Compl. 3.) Also, plaintiff alleges that he did not agree to a condition of no internet or no social media. (*Id.*) Plaintiff claims that if he did not sign the special instructions, he would have been sent back to jail for refusing to sign. (*Id.* at 4.)

---

[2] Defendants do not indicate whether Lipscomb's pending charge for violating his probation involves the same conditions of probation that he challenges in this lawsuit. In the absence of any such information or any request by defendants to abstain—and particularly since the court is not ruling on the propriety of those conditions herein—the court will not address at this time whether it is required to abstain from these proceedings under *Younger v. Harris*, 37 F.4th 89 (1971), or whether any of the exceptions to *Younger* abstention might apply. *Cf. Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 93 (4th Cir. 2022) (discussing doctrine and addressing one such exception). If there is information relevant to that issue, defendants should provide it to the court as soon as possible. *See Salartash v. Chaudhry*, No. 3:25CV4 (RCY), 2025 WL 711960, at *3 (E.D. Va. Mar. 5, 2025) (noting that *Younger* abstention may be raised sua sponte by district courts) (citations omitted); *Valencia v. Doe Officers*, No. CIV.A. 6:13-634-MGL, 2014 WL 3687422, at *2 (D.S.C. July 23, 2014) (noting that the court sua sponte raised whether *Younger* abstention was appropriate and ordered defendants to brief the issue).

Plaintiff alleges that Crout and Haight violated his First Amendment rights by imposing the special instructions for no social media. (*Id.* at 2 (listing claims); *id.* at 9 (noting Haight's alleged violation).) Plaintiff also claims a due process violation by Crout based on an alleged violation of his plea agreement and against Haight for not redressing his grievances. (*Id.* at 2.) Finally, plaintiff appears to assert that Haight should be liable based on her status as Crout's supervisor and not responding to plaintiff's complaint or grievance that he submitted to probation. (*Id.* at 9 ("The 30 days are well past that it states Probation has to respond to a complaint. Kristen Haight knows this matter violates Mr. Lipscomb's 1st Amendment right to Free Speech, and put a total ban on Mr. Lipscomb from social media, when his charges are not connected to any form that social was used." [sic]).)

In his complaint, plaintiff asks for $150,000 in damages and for the special instructions to be "removed." (*Id.* at 2.)

## II. ANALYSIS

### A. Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

Finally, the court may consider attachments to the complaint, such as plaintiff's plea agreement. *See Pickens v. Franke*, Case No. 1:17-cv-1018, 2017 WL 11505623, at *2 (E.D. Va. Dec. 7, 2017) ("In considering a Rule 12(b)(6) motion, the Court may consider attachments to the complaint 'so long as they are integral to the complaint and authentic.'") (quoting *Kensington Volunteer Fire Dep't v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012)).

**B. Personal Involvement**

Section 1983 authorizes a plaintiff to sue for an alleged deprivation of a federal constitutional right by an official acting under color of state law. *Williams v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018). To establish personal liability under § 1983, the plaintiff must "affirmatively show that the official charged acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.3d 841, 850 (4th Cir. 1985). That is, the official's "own individual actions" must have violated the Constitution. *Iqbal*, 556 U.S. at 676.

Plaintiff's complaint does not contain any allegations about how Chadwick Dotson was involved in violating plaintiff's constitutional rights. Thus, the claims against him will be dismissed. *See Sawyer v. S.W. Va. Reg'l Jail*, Civil Action No. 7:20-cv-00510, 2020 WL 5371467, at *1 (W.D. Va. Sept. 8, 2020) (dismissing claim against defendant because plaintiff "does not allege any facts to show how that person was personally involved in a deprivation of Sawyer's rights").

Defendants assert that plaintiff has not alleged that Haight was personally involved in the denial of his rights, but the court disagrees. Plaintiff's complaint alleges, and his attachments make clear, that he contacted Haight for relief—at Crout's direction—and that Haight failed to take any steps to remedy the alleged violations. (Compl. 9; Dkt. No. 1-1, at 25–28.) Thus, Haight was sufficiently involved to remain a defendant.

### C. First Amendment

Internet restrictions for convicted sex offenders may violate the First Amendment's Free Speech Clause, which is applicable to the States under the Due Process Clause of the Fourteenth Amendment. *Packingham v. North Carolina*, 582 U.S. 98 (2017).[3] In *Packingham*, the Court held, in the context of a direct appeal in a criminal case, that a state statute making it a felony for a registered sex offender to gain access to a number of websites, including social media websites like Facebook and Twitter, was unconstitutional. *Id.* at 101.

---

[3] Neither *Packingham* nor most of the cases cited in the briefing was a civil case involving a plaintiff who was a state probationer or on post-release supervision. Most are direct criminal appeals or habeas actions. But the Fourth Circuit has allowed similar types of claims to proceed in a § 1983 action, at least where a defendant failed to respond to the plaintiff's argument that *Heck v. Humphrey*, 512 U.S. 477 (1994), did not bar his claims. *See Hamlet v. Irvin*, NO. 21-7477, 2023 WL 3478408, at *1 (4th Cir. 2023); *but cf. Dennis v. Wilmouth*, No. 6:23-cv-00051, 2024 WL 3864686 (W.D. Va. Aug. 19, 2024) (granting motion to dismiss on grounds that *Heck* barred claims challenging conditions of state probation, including conditions that allegedly restricted plaintiff from attending church and from using a computer).

5

The Fourth Circuit has subsequently addressed *Packingham* in other criminal cases. *See United States v. Ellis*, 984 F.3d 1092 (4th Cir. 2021); *United States v. Hamilton*, 986 F.3d 413 (4th Cir. 2021); *United States v. Morris*, 37 F.4th 971 (4th Cir. 2022). In *Morris*, the court summarized:

> *Packingham* balanced an offender's First Amendment right to access certain websites with the state's interest in preventing sex offenses. *Ellis* established that non-contact offenses can't justify an internet ban absent a connection between the ban and the offender's conduct. And *Hamilton* clarified that using the internet to locate victims, coupled with evidence of a contact offense (even without a conviction) may support an internet ban.

37 F.4th at 977. In *Hamilton*, the court identified "two key threads" in cases vacating a total internet ban. 986 F.3d at 421. First, the use of the internet to find his victim, and second, contact with the victim, as opposed to "non-contact child pornography activity, or similar activity, on the internet." *Id.* at 421–22. The defendant in *Hamilton* used the internet to find his minor victim, and repeatedly raped her. *Id.* at 422. The court reasoned that a total internet ban sweeps too broadly in non-contact child pornography cases, but when the defendant has sexual contact with a minor, a ban may be appropriate. *Id.*

Defendants argue that, under *Hamilton*, the internet restriction is valid because plaintiff pled guilty to contact offenses (rape by force or threat and felony aggravated sexual battery), and one of the *nolle prosequi* charges was also a contact offense (felony indecent act with a child by a parent). (Plea Agreement, Dkt. No. 1-1 at 1.) However, plaintiff has explicitly pled, in his verified complaint, that there was no evidence of internet use to procure his victims. The court can consider the plea agreement, attached to his complaint, but nothing in the plea agreement or other attachments contradicts plaintiff's assertion, which must be accepted as true for purposes of

6

defendants' Rule 12(b)(6) motion.  Thus, the court finds plaintiff plausibly has stated a § 1983 claim that his First Amendment rights were violated.

Accordingly, defendants' motion to dismiss this claim, which the court construes as a claim against defendants Haight and Crout, will be denied.

**D. Due Process**

Plaintiff appears to allege a violation of due process based on a violation or breach of his plea agreement through the imposition of the "Special Instructions" for sex offenders.  (Compl. 2.)  Plaintiff alleges that Crout "unilaterally imposed the condition without obtaining judicial approval or following the procedure provided in Va. Code 19.2-304 . . . ."[4]  (Compl. 3.)  Defendants argue, very briefly and without any citation to authority, that this claim should be dismissed because it relies on a violation of Virginia law, and therefore it does not implicate federal due process.  (Mem. Supp. Mot. Dismiss 5, Dkt. No. 19.)  The court declines to dismiss the due process claim on this basis, though, because it has long been held that a state law can give rise to a protected liberty or property interest if it creates substantive rights.  *See Conn. Bd. Of Pardons v. Dumschat*, 452 U.S. 458, 467 (1981).  And while it may be that the statute is only procedural, which would not typically create a protected interest, the parties have not addressed that separate, but related, issue.  *Cf. Henderson v. City of Roanoke*, 504 F. Supp. 3d 530, 536–37 (W.D. Va. 2020) (discussing what is required for a state statute to trigger Fourteenth Amendment due process considerations).  To the extent defendants are arguing it is only a state-law claim, the court may exercise supplemental jurisdiction over it.  If there are other grounds on which

---

[4] The statute provides: "The court may subsequently increase or decrease the probation period and may revoke or modify any condition of probation, but only upon a hearing after reasonable notice to both the defendant and the attorney for the Commonwealth."

7

defendants argue the due process claim should be dismissed, they may raise them at an appropriate time.

### E. Official-Capacity Claims

Defendants move to dismiss plaintiff's claims to the extent that they seek damages against them in their official capacities. "Claims for damages brought under § 1983 can only be brought against 'persons' acting under color of state law, and neither states nor state officials acting in their official capacities are considered 'persons' under § 1983." *Gilliam v. Dep't of Public Safety and Corr. Servs.*, Civ. No. MJM-23-1047, 2024 WL 5186706, at *8 (D. Md. Dec. 20, 2024) (citing *Lawson v. Union Cnty. Clerk of Ct.*, 828 F.3d 239, 250 (4th Cir. 2016)). Therefore, plaintiff's claims will be dismissed insofar as he is seeking damages against defendants for actions taken in their official capacities.[5]

### F. Default Judgment

Plaintiff has twice moved for default judgment. In the first motion, plaintiff argues that defendants failed to provide plaintiff with a copy of their motion to dismiss and failed to give him their notices of appearance. (Dkt. No. 23.) In response, defendants explain that these documents were inadvertently sent to the wrong address, and the issue has been corrected. Plaintiff responded to the motion to dismiss in a timely manner, so he was not prejudiced by any delayed delivery of these documents. In his second motion, plaintiff argues that defendants failed to respond in a timely manner to his motion to compel discovery and the court's order for defendants to respond. (Dkt. No. 30.) Defendants have explained that they are in the process of responding to those requests. Defendants also explain that they did not object to plaintiff's discovery motion, so they did not respond to plaintiff's motion. (Dkt. No. 36.) These and

---

[5] Plaintiff has sued defendants in their official and individual capacities.

related issues also have been addressed in several minute orders entered by U.S. Magistrate Judge Memmer. (Dkt. Nos. 39, 49.)

Rule 55(a) governs the entry of a default, which can only be entered when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendants have appeared and defended this action, notwithstanding plaintiff's complaints about their conduct. Both motions will be denied.

## G. Summary Judgment

Plaintiff has also moved for summary judgment, which is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

Plaintiff's motion is brief but appears to ask for summary judgment on both claims. He again argues that defendants' internet "ban" and total ban on his use of certain social networking sites violate his First Amendment rights because there is no evidence that his conviction had anything to do with social media or the internet. (Dkt. No. 34.) He also refers, in passing, to the violation of due process rights based on defendants' failure to "file in court for a hearing" before imposing the sex offender special instructions. Defendants' brief response primarily argues that the summary judgment motion is "premature" because the court has not yet ruled on their motion to dismiss.[6] (Dkt. No. 35, at 3.) It does not address the substance of his claims at any length.

---

[6] In an apparent cut-and-paste error, defendants' response also discusses an entirely different case and factual scenario. (Resp. Opp'n to Pl.'s Mot. Summ. J. 1–2, Dkt. No. 35.)

9

The court has now ruled on that motion, however, and it has allowed his First Amendment and due process claims against Crout and Haight to proceed.

Although defendants are correct that plaintiff's brief motion for summary judgment does not discuss his claims or their factual background in detail and does not attach additional evidence, the court may consider his verified complaint in ruling on that motion. Thus, there is substance to which defendants can respond, especially now that the motion to dismiss has been decided. The court will take plaintiff's motion for summary judgment under advisement and will require defendants to submit a substantive response to that motion.

### III. CONCLUSION

The court will enter an appropriate order consistent with the above.

Entered: March 31, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge