CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DANIEL T. LIPSCOMB,<br>  Plaintiff, | )<br>) Civil Action No. 7:24-cv-00289<br>) |
| v. | )<br>) |
| | ) By: Elizabeth K. Dillon |
| ERIC CROUT, *et al.*, | ) Chief United States District Judge |
|   Defendants. | ) |

**MEMORANDUM OPINION**

*Pro se* plaintiff Daniel T. Lipscomb brought this lawsuit alleging violations of his rights under the First Amendment and the Due Process Clause of the Fifth Amendment related to his state probation and several of its conditions. (Compl., Dkt. No. 1.) In a previous order, the court denied the defendants' motion to dismiss but alerted the defendants to the possibility that abstention could be appropriate in this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. No. 63 at 2 n.2.) Defendants then moved for abstention under *Younger*. (Dkt. No. 77.) Lipscomb has responded to this motion. (Dkt. No. 87.) Also before the court is Lipscomb's motion for summary judgment (Dkt. No. 34) and two motions he filed for default judgment (Dkt. Nos. 60, 74).

For the reasons stated below, the court will grant the motion for abstention under *Younger*. The remaining motions will be dismissed without prejudice.

I.  BACKGROUND

**A.  Plaintiff's Complaint and State Court Proceedings**

Plaintiff is an offender on probation with the Virginia Department of Corrections. He is currently housed at the Northwestern Regional Adult Detention Center. He is incarcerated pending several felony charges including failure to register as a sex offender and violation of

probation. Lipscomb sued Eric Crout, plaintiff's probation officer, Kristen Haight, a senior probation officer and Crout's supervisor, and Chadwick Dotson, the Director of the Virginia Department of Corrections.

On or about March 3, 2023, plaintiff entered a signed, written plea agreement in the Circuit Court for Winchester, Virginia, whereby he would enter a no contest plea to the charges of felony rape by force or threat and felony aggravated sexual battery. (Dkt. No. 1-1.) As part of that plea agreement, plaintiff executed a document titled "Sex Offender Special Instructions". (*Id.* at 21–24.) One of the instructions reads, "You will not use any form of social networking, including but not limited to Facebook, MySpace, etc." (*Id.* at 24.)

On May 17, 2023, defendants signed a Major Violation Report for Lipscomb. (Dkt. No. 78-1.) One of the alleged violations is that Lipscomb "had Whatsapp, Snapchat, and Facebook on his phone which were reportedly not registered with the Virginia State Police as required by law." (*Id.*) On September 2, 2025, Lipscomb pled guilty to three counts of Failing to Register as a Title III Sex Offender in Winchester Circuit Court. *See* CR23000470, CR23000471, CR23000472 (Winchester Cir. Ct.). He received concurrent five-year sentences. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006) (explaining that courts can take judicial notice of public state court records). A hearing on revocation is currently scheduled for January 6, 2026. *See* CR21000578, CR21000579 (Winchester Cir. Ct.).

Plaintiff, prior to entry of his recent guilty pleas, alleged that there was no evidence that the internet or social media was involved in his convictions. (Compl. at 3.) Also, Lipscomb alleges that he did not agree to a condition of no internet or no social media. (*Id.*) Lipscomb claims that if he did not sign the special instructions, he would have been sent back to jail for refusing to sign. (*Id.* at 4.)

2

Plaintiff alleges that Crout violated his First Amendment rights by imposing the special instructions for no social media. Plaintiff also claims a due process violation by Crout based on an alleged violation of his plea agreement and for not redressing his grievances. (*Id.* at 2.) Finally, Lipscomb appears to assert that Haight should be liable based on her status as Crout's supervisor and not responding to plaintiff's complaint or grievance that he submitted to probation. (*Id.* at 9 ("The 30 days are well past that it states Probation has to respond to a complaint. Kristen Haight knows this matter violations Mr. Lipscomb's 1st Amendment right to free speech, and put a total ban on Mr. Lipscomb from social media, when his charges are not connected to any form that social was used.").)

In his complaint, plaintiff asks for $150,000 in damages and for the special instructions to be removed. (*Id.* at 2.)

**B. Procedural Background**

Lipscomb filed this action on April 30, 2024. Defendants filed a motion to dismiss, and plaintiff moved for summary judgment. (Dkt. Nos. 18, 34.) On March 31, 2025, the court issued an opinion and order granting in part and denying in part defendants' motion to dismiss and taking plaintiff's motion for summary judgment under advisement. (Dkt. Nos. 63, 64.) The court granted the motion to dismiss the claims against defendant Chadwick S. Dotson, who has been dismissed as a defendant in this action. (Dkt. No. 64.) The court also granted defendants' motion to dismiss as to plaintiff's claims against them for damages in their official capacities. The court denied the motion to dismiss in all other respects.

In taking the motion for summary judgment under advisement, the court directed defendants Crout and Haight to file a substantive response to plaintiff's motion. Additionally, the court ordered that "if the issues in this case are related to ongoing criminal proceedings in

state court, defendants shall advise the court as soon as possible and file any appropriate motion." (*Id.*) In compliance with the court's order, defendants have moved for *Younger* abstention and filed a response to Lipscomb's motion for summary judgment. (Dkt. No. 89.)

## II.  ANALYSIS

### A.  *Younger* Abstention

Courts in this circuit tend to analyze motions pursuant to the *Younger* abstention doctrine under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See BLM of Shenandoah Valley, LLC v. Augusta Cnty., Va.*, 2023 WL 2505493, at *4 (W.D. Va. Mar. 14, 2023). Rule 12(b)(1) allows a defendant to move for dismissal when the court lacks subject matter jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). If the plaintiff cannot do so, then the court must dismiss the complaint. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

The Supreme Court's decision in *Younger v. Harris* requires federal courts to "stay their hand when [a] criminal prosecution [is] pending in state court." *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 327 (4th Cir. 2022) (citing *Younger*, 401 U.S. at 41). "[I]n the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." *Kugler v. Helfant*, 421 U.S. 117, 123 (1975). Underlying this rule "is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Lighthouse Fellowship Church v. Northam*, 462 F. Supp. 3d

4

635, 646 (E.D. Va. 2020) (quoting *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989)).

Even if a federal court could exercise jurisdiction in such a case, "it should refrain from doing so if (1) there is an ongoing state judicial proceeding that began prior to substantial progress in the federal proceeding, (2) that proceeding implicates important, substantial, or vital state interests, and (3) there is an adequate opportunity to raise constitutional challenges within the framework of the state judicial process." *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (citing *Middlesex City Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The pending state court proceedings are related to the revocation of Lipscomb's probation and implicate the conditions of probation that he challenges in this lawsuit. Accordingly, the court must abstain from adjudicating plaintiff's claims that allege that those conditions violate his constitutional rights. The state court proceeding began prior to substantial progress in this action and implicate important state interests in adjudicating claims against sex offenders. Finally, plaintiff can raise constitutional challenges to his probation conditions in state court.

Lipscomb argues that defendants have waived the *Younger* abstention argument because they did not raise it until the court alerted defendants to the issue. (Dkt. No. 87 at 5.) Subject matter jurisdiction is an issue that can never be waived and can be addressed at any point in the litigation. "Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy." *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013).

For these reasons, the court will grant defendants' motion for the court to abstain under *Younger*. The court will stay rather than dismiss this matter because plaintiff has asked for injunctive relief. *See, e.g.*, *Hernandez v. City of Raleigh*, 5:24-CV-542-M-KS, 2025 WL 1421307, at *3 (E.D.N.C. Apr. 11, 2025) ("[B]ecause Plaintiff seeks both injunctive relief and damages, the appropriate course is to stay (as opposed to dismiss) the action . . . pending completion of the state prosecutions.") (citing *Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 559–60 (4th Cir. 2024)).

**B. Remaining Motions**

Given the court's decision to abstain under *Younger*, the court will dismiss Lipscomb's motions for summary judgment and for default judgment without prejudice.

### III. CONCLUSION

The court will enter an appropriate order staying this matter and denying the pending motions.

Entered: September 29, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge